### Otis *v.* Bertholf *et al.*

(*Supreme Court, General Term, Second Department.*  February 11, 1891.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCE—MORTGAGES.

In action to set aside a general assignment and certain mortgages executed immediately before the assignment, as constituting one transaction to defraud creditors, and therefore void under Laws N. Y. 1887, c. 503, providing that in general assignments preferences shall not be valid except to the extent of one-third of the assigned estate, the general term of the supreme court will not hold such assignment and mortgages illegal, without regard to the intent of the assignor, where the authorities are conflicting, but none are cited from the court of appeals.

Appeal from special term, Orange county.

Action by Charles H. Otis against Andrew T. Bertholf and others, to set aside a general assignment by defendant Josiah Otis to Bertholf, executed on December 26, 1888, and also certain mortgages executed by the assignor on the business day preceding, as constituting a single transaction, and intended to evade Laws N. Y. 1887, c. 503, providing that in all general assignments any preferences created therein shall not be valid, except to the amount in value of one-third of the assigned estate. There was a judgment for defendants, and plaintiff appeals.

Argued before DYKMAN and PRATT, JJ.

*Charles G. Dill* and *William Vanamee,* for appellant.  *Daniel Finn* and *Lewis E. Carr,* for respondents.

PRATT, J.  The trial court refused to find that the mortgages were part of a single scheme of which the assignment was the completion. There was a refusal to find that the assignor and assignee discussed the matter of the as-

signment before the mortgages were given. Refusal also to find that there was an attempt to evade the statute. We cannot say these refusals are contrary to the evidence. The judgment must therefore be affirmed, unless we go so far as to hold that the transfers complained of were illegal, without regard to the intent of the assignor. The appellant takes this position, and abundant authorities are cited in its support. But the cases are not uniform, and none are cited from our highest court. So much has been written upon the question, and the views expressed are so diverse, that it is plain the doubts cannot be solved without the assistance of a higher court. We therefore see no advantage in pursuing the discussion, and are of the opinion that the judgment appealed from should be affirmed, without costs.